## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| QIANG JI, XIONG LIU, JUN MA, | § | |
| ZHIQING GAO, and ANGILE LIANG, | § | |
| IVY LIANG, and QIN LIU, | § | |
| INDIVIDUALLY AND AS HEIRS OF | § | |
| CHENG LIANG | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:25-cv-02389** |
| **v.** | § | |
| | § | |
| WEEE! LOGISTICS LLC, WEEE! INC, | § | |
| WEEE! TEXAS I LLC, WEEE! TEXAS | § | |
| II LLC, and KENAN ZHANG | § | |
| **Defendants,** | § | |

## PLAINTIFF'S MOTION TO REMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff QIANG JI, et. al., files this Motion to Remand, and in support thereof would respectfully show the Court as follows:

## I. BACKGROUND

1.      Plaintiffs originally filed this action in the 101st Judicial District of Dallas County, on July 3, 2025, asserting state law claims and a federal claim.

2.      September 4th, 2025, Defendants removed the case, based on federal question, to this Court pursuant to 28 U.S.C. § 1331, 1441 and 1446.

3.      September 24th, 2025, within 21 days after the removal, Plaintiffs filed the first amended complaint asserting only state law claims.

4.      In addition, on its face most, and arguably all, of the cause-of-actions brought by the Plaintiff are state-law claims, such as: Negligence, Negligence Per Se, Gross Negligence,

Negligent Entrustment, Wrongful Death, Loss of Consortium, and Misrepresentation. *Plaintiff has attached a copy of the amended petition as Exhibit A.* (See, Exhibit A.).

## II. ARGUMENTS AND AUTHORITIES

**A) Plaintiff has Amended their Petition to Remove all Federal Claims, making Remand Appropriate.**

5.      In *Cohill*, the Supreme Court held that "When the single federal-law claim in the action was eliminated at an early stage of litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *See*, *Carnegie-Mellon U. v. Cohill*, 484 U.S. 343, 351 (1988).

6.      In *Wullschleger*, the Supreme Court has recently expanded on this holding, stating that amending a petition to eliminate all federal claims divests the Court of federal jurisdiction:

"So, under § 1367(a), when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of supplemental jurisdiction. And the result must be the same in a removed case, because nothing in § 1367(a)'s text distinguishes between cases removed to federal court and cases originally filed there… Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew."

"Thus, as Rockwell explained, if 'a plaintiff files a complaint in federal court and later voluntarily amends the complaint' to 'withdraw' the allegations supporting federal jurisdiction, that amendment "will defeat jurisdiction" unless the withdrawn

allegations were 'replaced by others' giving the court adjudicatory power." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 23 (2025).

7.      Plaintiff has now amended their petition to make clear that it did not intend on making any federal claims, and have removed any reference to federal claims. Accordingly, remand is appropriate. 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B) Defendant's recharacterization of Plaintiffs' State-Law Negligence Per Se Claims as Federal Claims, is the same kind of behavior that has already been abrogated by the Supreme Court of the United States.**

8.      In *Grabble*, the hallmark case wherein the Supreme Court created the notable "Grable factors, the Supreme Court themselves held that:

"For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases. One only needed to consider the treatment of federal violations generally in garden variety state tort law. 'The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings.'"

"A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have

meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to create a rebuttable presumption of negligence ... under state law.' In this situation, no welcome mat meant keep out. Merrell Dow's analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 318 (2005)

9.    Plaintiff believed it made clear in its petition that it was not bringing an OSHA, FSLA, or a Texas Labor Code claim against the Defendant, but rather, were citing to those as federal standards which were violated for the purpose to bringing a Negligence Per Se claim. Plaintiff has now removed those sections to make moot any claim that they were bringing a federal law claim.

10.    However, this mislabeling of a negligence per se claim as a federal law question, simply because a violation of a federal safety standard is used as a ground for the state law negligence per se claim, is the exact kind of mislabeling that the Supreme Court warned against.

11.    Accordingly, Defendant has not raised legitimate grounds for removal as there is no legitimate federal question before this court, merely a state law claim that references federal standards.

## **<u>PRAYER</u>**

For these reasons, Plaintiff respectfully requests that the Court:

1)  Grant this Motion to Remand;

2)  Remand this action to the 101st Judicial District of Dallas County, Texsa; and

3)  Award Plaintiffs any other such relief to which they may be justly entitled.

Respectfully submitted,

**WW LAW FIRM, PLLC.**

**By:** __/s/ ELENA WANG_____
        **Elena Wang**
        SBN 24138737
        6198 State Highway 11
        Commerce, Texas 75428
        (469) 759-9181
        (936) 262-0042 – Fax
        wwlawfirm2@gmail.com
        **ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

 This will certify that a true and correct copy of the above and forgoing instrument was duly

served upon the following in accordance with the Federal Rules of Civil Procedure on September

24, 2025.

VIA E-SERVICE:

Respectfully submitted,

Sherry L. Travers
Texas Bar No. 00793097
stravers@littler.com
Chandler Gordon
Texas Bar No. 24125249
cgordon@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

**ATTORNEYS FOR DEFENDANTS**

    */s/ Elena Wang*
    **Elena Wang**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| QIANG JI, XIONG LIU, JUN MA, <br> ZHIQING GAO, and ANGILE LIANG, <br> IVY LIANG, and QIN LIU, <br> INDIVIDUALLY AND AS HEIRS OF <br> CHENG LIANG <br>       **Plaintiff,** <br><br> **v.** <br><br> WEEE! LOGISTICS LLC, WEEE! INC, <br> WEEE! TEXAS I LLC, WEEE! TEXAS <br> II LLC, and KENAN ZHANG <br>       **Defendants,** | §<br>§<br>§<br>§<br>§<br>§<br>§     **CIVIL ACTION NO. 3:25-cv-02389** <br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S FIRST AMENDED PETITION**

NOW COMES Plaintiffs, Qiang Ji, Xiong Liu, Jun Ma, Zhiqing Gao, and Angile Liang, Ivy Liang, and Qin Liu, individually, and as heirs of Cheng Liang (hereafter, "Plaintiffs"), and files this First Amended Petition complaining of Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, Weee! Texas II LLC, and Kenan Zhang (hereafter referred as "Defendants"), and for cause of action would respectfully show the Court the following:

      **1.00**    <u>**DISCOVERY CONTROL PLAN**</u>

      1.01    Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 2 of Rule 190.4 of the Texas Rules of Civil Procedure.

      **2.00**    <u>**PARTIES**</u>

      2.01    Plaintiff Qiang Ji is an individual and a citizen of the State of Texas, and may be served at 27414 Canyon Reach Drive, Katy, Texas 77494, or wherever he may be found.

      2.02    Plaintiff Xiong Liu is an individual and a citizen of the State of Texas, and may be served at 22803 State Highway 249 Apartment 1429, Tomball, Texas 77375, or wherever he may

be found.

2.03    Plaintiff Jun Ma is an individual and a citizen of the State of Texas, and may be served at 500 North Tarrant Parkway Apartment 1017, Keller, Texas 76248, or wherever he may be found.

2.04    Plaintiff Zhiqing Gao is an individual and a citizen of the State of Texas, and may be served at 500 North Tarrant Parkway Apartment 1017, Keller, Texas 76248, or wherever she may be found.

2.05    Plaintiff Angie Liang is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found.

2.06    Plaintiff Ivy Liang is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found..

2.07    Plaintiff Qin Liu is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found..

2.08    Defendant Weee! Logistics LLC is a foreign limited liability company, located in California, and doing business in the State of Texas under the name Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.09    Defendant Weee! Inc. is a foreign corporation, located in California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.10    Defendant Weee! Texas I LLC is a foreign limited liability company, located in

California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.11    Defendant Weee! Texas II LLC is a foreign limited liability company, located in California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.12    Defendant Kenan (Jason) Zhang, is an individual and resident of the State of Texas. Defendant may be served with process by delivering a citation and a copy of this petition to his home at 9030 Japonica Dr, Rosenberg, Texas 77469, or wherever he may be found.

### 3.00    <u>JURISDICTION & VENUE</u>

3.01    This Court has jurisdiction over the parties as the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because the Defendants are residents of Texas and/or conduct business within the state of Texas.

3.02    Venue is further proper before this Court pursuant to *Texas Civil Practice & Remedies Code* §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.  Claims under this suit are brought under Tex. Civ. Prac. Rem. Code 71.02, 71.004, 71.003 and 71.002.

### 4.00    <u>FACTS</u>

4.01    The Weee! Defendants advertise itselves as "America's largest online Asian supermarket," and published the following information regarding delivery drivers on its website:

## America's largest online Asian supermarket



**What we want you to do**

- Pick up orders from our local hub and safely load them into your personal vehicle.
- Deliver and unload the correct orders to delivery locations in a professional and safe manner.
- Always follow designated sanitation and safety guidelines.

**What we need from you**

- You must own and drive a personal Minivan, Delivery Van, or Large SUV for grocery deliveries.

4.02    Defendant Kenan Zhang was a manager for the Weee! Defendants, and supervised the Plaintiffs while they were employed by the Weee! Defendants.

4.03    Plaintiffs Qiang Ji, Xiong Liu, and Jun Ma, and Deceased Cheng Liang all worked for Defendants as drivers delivering packages to Defendants' customers.

4.04    Plaintiffs were required to work overtime and were not properly compensated for the work they provided.

4.05    Defendants illegally withheld portions of Plaintiffs' earned tip compensation.

4.06    Defendants willfully misclassified Plaintiffs as independent contractors, and deprived Plaintiffs of the benefits of full time employment.

4.07    Plaintiffs were required to provide, and drive, their own vehicles while working, but were required to provide a specific type of vehicle to use for delivery.

4.08    Plaintiffs were required to drive for a commercial business in which the commercial business gave Plaintiffs a weekly schedule, and decided how many orders per day Plaintiffs would handle; and the commercial business required all orders to be completed prior to ending for the day, no matter how long it took.

4.09    Plaintiffs were required to carry heavy packages to customers' locations, however Defendants did not provide Plaintiffs with any safety training in order to perform their job functions in a safe manner, including driving and the handling of heavy packages.

4.10    Plaintiffs were exposed to hazardous materials without proper training and were not provided with required safety equipment.

4.11    Defendants deprived Plaintiffs of meal, refreshment, and bathroom breaks, and failed to compensate Plaintiffs for the time Plaintiffs worked through such breaks.

4.12    Defendants failed to provide to Plaintiffs any training or procedures to follow in an emergency situation.

4.13    Plaintiffs were not informed of medical benefits that were available, and provided by the Defendants.

4.14    Plaintiffs were never provided with reporting procedures and paperwork regarding injuries.

4.15    Defendants assigned the number of deliveries each day that Plaintiffs were not only required to complete that day, but also are put on a time limit per order; and Plaintiffs faced unreasonable disciplinary actions if they failed to do so, such as negative performance reviews, warnings, reduced financial compensation, and threats of termination of employment.

4.16    Plaintiff Qiang Ji drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around December 12, 2021.

4.17    However, the availability of healthcare benefits was intentionally concealed from Plaintiff Ji, such as Workers Compensation subscription information, and other health benefits such as the Zurich Occupational Injury Policy.

4.18    Plaintiff Xiong Liu drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around July 7, 2023.

4.19    Plaintiff Jun Ma drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around January 16, 2025.

4.20    On February 1, 2025, Plaintiff Ma received multiple calls concerning his performance as a delivery driver from both Supervisor Hu, at 8:40pm, and at multiple times from Defendant Zhang, throughout the late evening and early morning hours. The last call from Defendant Zhang was at or around at 12:40am on February 2, 2025.

4.21    Plaintiff Zhiqing Gao is the spouse of Plaintiff Ma, and has suffered damages as a result of the effects of Plaintiff Ma's injuries.

4.22    Deceased Cheng Liang drove for Defendants as a delivery driver, and died in his vehicle while working for Defendants on February 9, 2025.

4.23    Deceased Cheng Liang reported emergency sickness to co-worker / supervisor Hu at least twice, and provided his location 2342 Lucas Drive, Dallas, Texas 75219 at approximately 5:13pm. Defendant Weee! failed to provide any medical assistance or procedures to ensure his safety during such a situation.

4.24    After approximately 60 minutes of the reported emergency situation, Defendant Weee! notified the Deceased Cheng Liang's family at approximately 6:12pm. The Deceased Laing's daughter Angie Liang called EMS immediately.

4.25    EMS arrived at Deceased Liang's location, and Cheng Liang was taken to Parkland Hospital at 5151 Maple Avenue, Dallas, Texas 75235. Cheng Liang was pronounced dead at 7:08pm.

4.26    Plaintiffs Angile Liang and Ivy Liang are the surviving children of Mr. Liang, and Plaintiff Qin Liu is the surviving spouse of Mr. Liang, and all have suffered damages as a result of the effects of Mr. Liang's injuries and unfortunate death.

**5.00    CLAIMS AGAINST DEFENDANT WEEE! LOGISTICS LLC, WEEE! INC, WEEE! TEXAS I LLC, AND WEEE! TEXAS II LLC**

**I.    NEGLIGENCE**

5.01    Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC (Weee! Defendants) owed a duty to the public and to its employees / contractors to exercise ordinary care in its duties as an employer. The Weee! Defendants failed to exercise ordinary care and thus breached its duty of care in the following ways:

    a.    Failure to train Plaintiffs;

    b.    Failure to check the equipment Plaintiffs were using to ensure it was properly functioning and adequate for its intended purpose;

    c.    Failure to provide Plaintiffs the use of equipment to ensure their safety;

    d.    Failure to properly or reasonably warn Plaintiffs of potential dangers;

    e.    Failure to provide a place of employment free from recognized hazards that are causing or are likely to cause death or serious injury or harm to its employees;

**II.    NEGLIGENCE PER SE**

5.02    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and

below.

5.03    Defendants also violated section 37 Tex. Admin Code § 4.1;

### III.    GROSS NEGLIGENCE

5.04    For the reasons stated above, Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC recklessly operated its business in a willful or wanton disregard or the safety of persons or property. Such acts constitute gross negligence.

### IV.    NEGLIGENT ENTRUSTMENT BY WEEE! DEFENDANTS

5.05    The Weee! Defendants exercised control over Defendant Zhang through his employment and/or agent-principal relationship with the Weee! Defendants.

5.06    The Weee! Defendants hired Defendant Zhang and permitted him to work for Defendants despite Defendant Zhang's lack of training or certification.

5.07    The Weee! Defendants knew or should have known Defendant Zhang to be incompetent.

5.08    For the reasons stated above, Defendant Zhang was negligent at the time of Plaintiffs' injuries and death made the basis of this suit.

5.09    Defendant Zhang's negligence at the time of Plaintiffs' injuries and death proximately caused Plaintiffs' injuries and death.

### V.    WRONGFUL DEATH & SURVIVAL CLAIMS

5.10    Plaintiffs Angile Liang, Ivy Liang, and Qin Liu re-allege and incorporate herein the paragraphs set forth above and below.

5.11    The traumatic injuries Mr. Liang sustained resulted in his death while actively driving for Defendants.

5.12    Mr. Liang's injuries were caused by Defendant's wrongful acts, neglect, carelessness, unskillfulness, or default.

5.13    Mr. Liang would have been entitled to file a personal injury lawsuit if he was still alive.

### VI.    TEXAS COMMON LAW – LOSS OF CONSORTIUM

5.14    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

5.15    As a direct and proximate cause of Defendants' gross negligence and tortious misconduct, Mr. Liang died while actively working for Defendants.

5.16    Consequently, Plaintiffs Angile Liang, Ivy Liang, and Qin Liu suffered losses including, but not limited to, loss of consortium, loss of emotional support, and loss of instruction and guidance.

5.17    As a direct and proximate cause of Defendants' gross negligence and tortious misconduct, Mr. Ma was catastrophically and permanently injured.

5.18    Consequently, Plaintiff Zhiqing Gao suffered losses including, but not limited to, loss of consortium, loss of emotional support, and loss of instruction and guidance.

### VII.    TEXAS COMMON LAW - FRAUDULENT MISREPRESENTATION, FRAUD BY NONDISCLOSURE, AND NEGLIGENT MISREPRESENTATION

5.19    Defendants intentionally concealed Workers Compensation subscription information, and other health benefits such as the Zurich Occupational Injury Policy from the Plaintiffs.

5.20    Plaintiffs relied on these misrepresentations and nondisclosures, and did not

pursue claims or seek medical treatment as a result.

5.21    Plaintiffs suffered additionally as a result of Defendants' misrepresentations and nondisclosures in the form of loss of income.

### 6.00    CLAIMS AGAINST DEFENDANT KENAN ZHANG

### I.    NEGLIGENCE

6.01    Kenan Zhang owed a duty to the public and employees of the Defendants to exercise ordinary care in his job duties at Weee!. Kenan Zhang failed to exercise ordinary care and thus breached his duty of care in the following ways:

    a.    Failure to train Plaintiffs;

    b.    Failure to monitor and Plaintiffs;

    c.    Failure to check the equipment Plaintiffs were using to ensure it was properly functioning and adequate for its intended purpose;

    d.    Failure to provide Plaintiffs the use of proper equipment to ensure their safety;

    e.    Failure to properly or reasonably warn Plaintiffs of potential dangers; and

    f.    Failure to properly supervise or manage Plaintiffs.

### II.    GROSS NEGLIGENCE

6.02    For the reasons stated above, Kenan Zhang recklessly performed his job duties at Weee! in willful or wanton disregard for the safety of persons or property. Such acts constitute gross negligence.

### III    WRONGFUL DEATH & SURVIVAL CLAIMS

6.03    Plaintiffs Angile Liang, Ivy Liang, and Qin Liu reallege and incorporate herein the paragraphs set forth above and below.

6.04    The traumatic injuries Mr. Liang sustained resulted in his death.

6.05    Mr. Liang's injuries were caused by defendant's wrongful acts, neglect, carelessness, unskillfulness, or default.

6.06    Mr. Liang would have been entitled to file a personal injury lawsuit if he was still alive.

### IV    TEXAS COMMON LAW – LOSS OF CONSORTIUM

6.07    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

6.08    As a direct and proximate cause of Defendant's gross negligence and tortious misconduct, Mr. Liang died while actively working for Defendants.

6.09    Consequently, Plaintiffs Angile Liang, Ivy Liang, and Qin Liu suffered losses including, but not limited to, loss of consortium, loss of emotional support, and loss of instruction and guidance.

6.10    As a direct and proximate cause of Defendant's gross negligence and tortious misconduct, Mr. Ma was catastrophically and permanently injured.

6.11    Consequently, Plaintiff Zhiqing Gao suffered losses including, but not limited to, loss of consortium, loss of emotional support, and loss of instruction and guidance.

### 7.00    **DAMAGES**

7.01    Qiang Ji, was catastrophically and permanently injured through his employment with Defendants, which occurred on or about December 12, 2021.

7.02    Xiong Liu, was catastrophically and permanently injured through his employment with Defendants, which occurred on or about July 7, 2023.

7.03    Jun Ma, was catastrophically and permanently injured through his employment with Defendants, which occurred on or about January 16, 2025.

7.04    Angile Liang, Ivy Liang, and Qin Liu were catastrophically and permanently injured as a result of Cheng Laing's employment with Defendants, which occurred on or about February 9, 2025.

7.02    Plaintiffs seek monetary relief over $1,000,000.

7.03    Plaintiffs are entitled to recover compensatory damages sustained in the past and that in all reasonable probability will be sustained in the future as a result of their injuries, in an amount to be determined by the trier of fact. These damages include:

    a.    Reasonable and necessary medical/health care expenses incurred in the past;

    b.    Lost earnings sustained in the past and will be sustained in the future;

    c.    Loss of earning capacity sustained in the past;

    d.    Physical impairment sustained in the past;

    e.    Physical disfigurement sustained in the past;

    f.    Physical pain and suffering sustained in the past and that, in reasonable probability will be sustained in the future;

    g.    Mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future;

    h.    Loss of household services sustained in the past and that in all reasonable probability will be sustained in the future; and

    i.    Loss of consortium sustained in the past and that in all reasonable probability will be sustained in the future.

j.      Loss of emotional support.

k.      Loss of instruction and guidance.

l.      Wrongful death.

7.04    Exemplary damages as a result of Defendants' gross negligence.

**8.00    PREJUDGMENT AND POST-JUDGMENT INTEREST**

8.01    Plaintiffs also seek recovery for all costs of court and prejudgment and postjudgment interest in the maximum amounts allowable by law.

**9.00    DEMAND FOR JURY TRIAL**

9.01    Plaintiffs request their right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiffs have tendered the requisite fee to the District Clerk.

**10.00    NOTICE OF INTENT TO USE UNFILED DISCOVERY**

10.01    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs file this notice of intent to use in any pretrial proceeding and/or the trial of this case, any and all documents produced by any party in response to any written discovery.

**11.00    PRAYER**

11.01    **WHEREFORE PREMISES CONSIDERED**, Plaintiffs request that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiffs have judgment entered against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all prejudgment and postjudgment interest as allowed by law, exemplary damages, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled to by law and in equity, including, but not limited to:

1.      Pain and suffering in the past;

2.      Pain and suffering in the future;

3.      Mental anguish in the past;

4.      Mental anguish in the future;

5.      Past medical expenses;

6.      Future medical expenses;

7.      Physical impairment in the past;

8.      Physical impairment in the future;

9.      Physical disfigurement in the past;

10.     Physical disfigurement in the future;

11.     Loss of earnings;

12.     Loss of earning capacity;

13.     Property damages;

14.     Loss of Use;

15.     Loss of consortium;

16.     Loss of emotional support;

17.     Loss of instruction and guidance;

18.     Pre-judgment interest;

19.     Post-judgment interest;

20.     Exemplary damages.


Respectfully submitted,
**WW LAW FIRM, PLLC.**

**By:** __/s/ ELENA WANG_____
       **Elena Wang**
       SBN 24138737
       6198 State Highway 11
       Commerce, Texas 75428
       (469) 759-9181
       (936) 262-0042 – Fax
       wwlawfirm2@gmail.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true copy of the foregoing document was forwarded to all counsel of record

via electronic delivery on September 24, 2025.

Sherry L. Travers
Texas Bar No. 00793097
stravers@littler.com
Chandler Gordon
Texas Bar No. 24125249
cgordon@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

/s/ *Elena Wang*
**Elena Wang**

# EXHIBIT A

7/3/2025 4:02 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Fernando X Mendoza DEPUTY

Cause No: **DC-25-11083**

| | | |
|---|---|---|
| QIANG JI, XIONG LIU, JUN MA, ZHIQING GAO, AND ANGILE LIANG, IVY LIANG, AND QIN LIU, INDIVIDUALLY AND AS HEIRS OF CHENG LIANG, | § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § § | 101st JUDICIAL DISTRICT |
| WEEE! LOGISTICS LLC, WEEE! INC, WEEE! TEXAS I LLC, WEEE! TEXAS II LLC, AND KENAN ZHANG, | § § § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

NOW COMES Plaintiffs, Qiang Ji, Xiong Liu, Jun Ma, Zhiqing Gao, and Angile Liang, Ivy Liang, and Qin Liu, individually, and as heirs of Cheng Liang (hereafter, "Plaintiffs"), and file this Original Petition complaining of Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, Weee! Texas II LLC, and Kenan Zhang (hereafter referred as "Defendants"), and for cause of action would respectfully show the Court the following:

### 1.00    DISCOVERY CONTROL PLAN

1.01    Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 2 of Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.00    PARTIES

2.01    Plaintiff Qiang Ji is an individual and a citizen of the State of Texas, and may be served at 27414 Canyon Reach Drive, Katy, Texas 77494, or wherever he may be found.

2.02    Plaintiff Xiong Liu is an individual and a citizen of the State of Texas, and may be served at 22803 State Highway 249 Apartment 1429, Tomball, Texas 77375, or wherever he may

be found.

2.03    Plaintiff Jun Ma is an individual and a citizen of the State of Texas, and may be served at 500 North Tarrant Parkway Apartment 1017, Keller, Texas 76248, or wherever he may be found.

2.04    Plaintiff Zhiqing Gao is an individual and a citizen of the State of Texas, and may be served at 500 North Tarrant Parkway Apartment 1017, Keller, Texas 76248, or wherever she may be found.

2.05    Plaintiff Angie Liang is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found.

2.06    Plaintiff Ivy Liang is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found..

2.07    Plaintiff Qin Liu is an individual and a citizen of the State of Texas, and may be served at 5613 Flowerwood Lane, McKinney, Texas 75070, or wherever she may be found..

2.08    Defendant Weee! Logistics LLC is a foreign limited liability company, located in California, and doing business in the State of Texas under the name Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.09    Defendant Weee! Inc. is a foreign corporation, located in California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.10    Defendant Weee! Texas I LLC is a foreign limited liability company, located in

California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.11    Defendant Weee! Texas II LLC is a foreign limited liability company, located in California, and doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

2.12    Defendant Kenan (Jason) Zhang, is an individual and resident of the State of Texas.  Defendant may be served with process by delivering a citation and a copy of this petition to his home at 9030 Japonica Dr, Rosenberg, Texas 77469, or wherever he may be found.

### 3.00    <u>JURISDICTION & VENUE</u>

3.01    This Court has jurisdiction over the parties as the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because the Defendants are residents of Texas and/or conduct business within the state of Texas.

3.02    Venue is further proper before this Court pursuant to *Texas Civil Practice & Remedies Code* **§**15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

### 4.00    <u>FACTS</u>

4.01    The Weee! Defendants advertise itselves as "America's largest online Asian supermarket," and published the following information regarding delivery drivers on its website:

## America's largest online Asian supermarket



**What we want you to do**

- Pick up orders from our local hub and safely load them into your personal vehicle.
- Deliver and unload the correct orders to delivery locations in a professional and safe manner.
- Always follow designated sanitation and safety guidelines.

**What we need from you**

- You must own and drive a personal Minivan, Delivery Van, or Large SUV for grocery deliveries.

4.02    Defendant Kenan Zhang was a manager for the Weee! Defendants, and supervised the Plaintiffs while they were employed by the Weee! Defendants.

4.03    Plaintiffs Qiang Ji, Xiong Liu, and Jun Ma, and Deceased Cheng Liang all worked for Defendants as drivers delivering packages to Defendants' customers.

4.04    Plaintiffs were required to work overtime and were not properly compensated for the work they provided.

4.05    Defendants illegally withheld portions of Plaintiffs' earned tip compensation.

4.06    Defendants willfully misclassified Plaintiffs as independent contractors, and deprived Plaintiffs of the benefits of full time employment.

4.07    Plaintiffs were required to provide, and drive, their own vehicles while working, but were required to provide a specific type of vehicle to use for delivery.

4.08    Plaintiffs were required to drive for a commercial business in which the commercial business gave Plaintiffs a weekly schedule, and decided how many orders per day Plaintiffs would handle; and the commercial business required all orders to be completed prior to ending for the day, no matter how long it took.

4.09    Plaintiffs were required to carry heavy packages to customers' locations, however Defendants did not provide Plaintiffs with any safety training in order to perform their job functions in a safe manner, including driving and the handling of heavy packages.

4.10    Plaintiffs were exposed to hazardous materials without proper training and were not provided with required safety equipment.

4.11    Defendants deprived Plaintiffs of meal, refreshment, and bathroom breaks, and failed to compensate Plaintiffs for the time Plaintiffs worked through such breaks.

4.12    Defendants failed to provide to Plaintiffs any training or procedures to follow in an emergency situation.

4.13    Plaintiffs were not informed of medical benefits that were available, and provided by the Defendants.

4.14    Plaintiffs were never provided with reporting procedures and paperwork regarding injuries.

4.15    Defendants assigned the number of deliveries each day that Plaintiffs were not only required to complete that day, but also are put on a time limit per order; and Plaintiffs faced unreasonable disciplinary actions if they failed to do so, such as negative performance reviews, warnings, reduced financial compensation, and threats of termination of employment.

4.16    Plaintiff Qiang Ji drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around December 12, 2021.

4.17    However, the availability of healthcare benefits was intentionally concealed from Plaintiff Ji, such as Workers Compensation subscription information, and other health benefits such as the Zurich Occupational Injury Policy.

4.18    Plaintiff Xiong Liu drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around July 7, 2023.

4.19    Plaintiff Jun Ma drove for Defendants as a delivery driver, and was subjected to continuously hostile and dangerous working conditions, which culminated in Plaintiff being injured on or around January 16, 2025.

4.20    On February 1, 2025, Plaintiff Ma received multiple calls concerning his performance as a delivery driver from both Supervisor Hu, at 8:40pm, and at multiple times from Defendant Zhang, throughout the late evening and early morning hours. The last call from Defendant Zhang was at or around at 12:40am on February 2, 2025.

4.21    Plaintiff Zhiqing Gao is the spouse of Plaintiff Ma, and has suffered damages as a result of the effects of Plaintiff Ma's injuries.

4.22    Deceased Cheng Liang drove for Defendants as a delivery driver, and died in his vehicle while working for Defendants on February 9, 2025.

4.23    Deceased Cheng Liang reported emergency sickness to co-worker / supervisor Hu at least twice, and provided his location 2342 Lucas Drive, Dallas, Texas 75219 at approximately 5:13pm. Defendant Weee! failed to provide any medical assistance or procedures to ensure his safety during such a situation.

4.24    After approximately 60 minutes of the reported emergency situation, Defendant Weee! notified the Deceased Cheng Liang's family at approximately 6:12pm. The Deceased Laing's daughter Angie Liang called EMS immediately.

4.25    EMS arrived at Deceased Liang's location, and Cheng Liang was taken to Parkland Hospital at 5151 Maple Avenue, Dallas, Texas 75235. Cheng Liang was pronounced dead at 7:08pm.

4.26    Plaintiffs Angile Liang and Ivy Liang are the surviving children of Mr. Liang, and Plaintiff Qin Liu is the surviving spouse of Mr. Liang, and all have suffered damages as a result of the effects of Mr. Liang's injuries and unfortunate death.

**5.00    CLAIMS AGAINST DEFENDANT WEEE! LOGISTICS LLC, WEEE! INC, WEEE! TEXAS I LLC, AND WEEE! TEXAS II LLC**

**I.    NEGLIGENCE**

5.01    Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC (Weee! Defendants) owed a duty to the public and to its employees / contractors to exercise ordinary care in its duties as an employer. The Weee! Defendants failed to exercise ordinary care and thus breached its duty of care in the following ways:

   a.    Failure to train Plaintiffs;

   b.    Failure to check the equipment Plaintiffs were using to ensure it was properly functioning and adequate for its intended purpose;

   c.    Failure to provide Plaintiffs the use of equipment to ensure their safety;

   d.    Failure to properly or reasonably warn Plaintiffs of potential dangers;

   e.    Failure to provide a place of employment free from recognized hazards that are causing or are likely to cause death or serious injury or harm to its employees;

   f.    Violation of OSHA

**II.    NEGLIGENCE PER SE**

5.02    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below, and allege Defendants violated the Fair Labor Standards Act (FLSA), generally and specifically Section 203(m)(2)(B), which involves tipping.

5.03    Defendants also violated the Texas Labor Code, generally and specifically Chapter 61 and Chapter 409.

**III.    GROSS NEGLIGENCE**

5.04    For the reasons stated above, Weee! Logistics LLC, Weee! Inc, Weee! Texas I LLC, and Weee! Texas II LLC recklessly operated its business in a willful or wanton disregard or the safety of persons or property. Such acts constitute gross negligence.

**IV.    NEGLIGENT ENTRUSTMENT BY WEEE! DEFENDANTS**

5.05    The Weee! Defendants exercised control over Defendant Zhang through his employment and/or agent-principal relationship with the Weee! Defendants.

5.06    The Weee! Defendants hired Defendant Zhang and permitted him to work for Defendants despite Defendant Zhang's lack of training or certification.

5.07    The Weee! Defendants knew or should have known Defendant Zhang to be incompetent.

5.08    For the reasons stated above, Defendant Zhang was negligent at the time of Plaintiffs' injuries and death made the basis of this suit.

5.09    Defendant Zhang's negligence at the time of Plaintiffs' injuries and death proximately caused Plaintiffs' injuries and death.

**V.    WRONGFUL DEATH**