UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QIANG JI, XIONG LIU, JUN MA, ZHIQING GAO, and ANGILE LIANG, IVY LIANG, and QIN LIU, INDIVIDUALLY AND AS HEIRS OF CHENG LIANG, § § § § § § Plaintiffs, § § v. § § WEEE! LOGISTICS LLC, WEEE! INC, WEEE! TEXAS I LLC, WEEE! TEXAS II LLC, and KENAN ZHANG, § § § § § Defendants. § | CIVIL ACTION NO. 3:25-CV-2389-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Amended Motion to Remand (Doc. 11). Defendants oppose the motion. Because removal in this case was improper, Plaintiffs' Amended Motion to Remand is **GRANTED,** and this Court **REMANDS** the case back to State Court. Because this Court lacks subject matter jurisdiction over the case, it declines to decide Plaintiffs' pending Motion for Leave to File a Second Amended Petition (Doc. 9).

### I.

### BACKGROUND

Plaintiffs Qiang Ji, Xiong Liu, Jun Ma, Zhiqing Gao, Angile Liang, Ivy Liang, and Qin Liu Individually and As Heirs of Cheng Liang (collectively, the "Plaintiffs") filed a lawsuit against Weee! Logistics LLC, Weee! Inc, Weee! Texas LLC, Weee! Texas II LLC, and Kenan Zhang (collectively, the "Defendants") in the 101st District Court of Dallas County, Texas, on July 3, 2025. *See generally*

Doc. 1-1, Pet. Plaintiffs brought state law claims of negligence, negligence per se, gross negligence, wrongful death, loss of consortium, and misrepresentation. *Id.* at 13-17.

On September 4, 2025, Defendants removed the case to this Court, alleging removal was proper pursuant to federal question jurisdiction. Doc. 1, Notice of Removal, 3-4. On September 24, 2025, Plaintiffs filed their First Amended Complaint (Doc. 4) and Motion for Remand (Doc. 7). On October 14, 2025, Defendants filed their Response to the Motion to Remand. *See generally* Doc. 6, Resp. On October 27, 2025, Plaintiffs filed a Motion for Leave to File Second Amended Complaint (Doc. 9), an Amended Motion for Remand (Doc. 11), and a reply to Defendants' Response to the original Motion for Remand (Doc. 12). On November 10, 2025, Defendants filed an Answer to the Amended Complaint. *See generally* Doc. 15, Answer. Lastly, on November 17, 2025, Defendants filed Responses in opposition to the Amended Motion to Remand (Doc. 17), and the Motion for Leave to File Second Amended Complaint (Doc. 18). After reviewing the relevant pleadings, the Court rules as follows.

## II.

## LEGAL STANDARD

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

The federal removal statute permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). Original jurisdiction lies when there is federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

## III.

## ANALYSIS

Defendants removed the case to this Court on the basis of federal question jurisdiction. Doc. 1, Notice, 3-4. Specifically, Defendants argue removal is proper under federal question jurisdiction because Plaintiffs filed claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Occupational Safety and Health Act ("OSHA"). *Id.* at 2. But Plaintiffs did not allege causes of action under either the FLSA or the OSHA. Instead, Plaintiffs included allegations that Defendants violated the FLSA and the OSHA *within* their state law negligence claims. Doc. 1-1, Pet., 13-14.

A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. The most direct way a case arises under federal law is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (other citations omitted). However, federal courts also entertain a "special and small" group of state-law claims where federal law is a necessary element of the claim. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

Under this standard, Defendants have not established the existence of federal-question jurisdiction to support removal. Fatally here, resolving a federal issue is not necessary to resolve Plaintiffs' negligence claims. "A federal issue is 'necessary' when a court must apply federal law to the facts of a plaintiff's case." *Rogers v. Atmos Energy Corp.*, No. 3:18-CV-0869-M, 2018 WL 11348093, at *2 (N.D. Tex. May 11, 2018) (Lynn, C. J.) (citing *Gunn*, 568 U.S. at 258). But "[w]hen a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim." *Goffney v. Bank of Am.*, N.A., 897 F. Supp. 2d 520, 526 (S.D. Tex. 2012) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1170-71 (5th Cir. 1988).

Defendants have not shown that violations of the FLSA or the OSHA are necessary elements of Plaintiffs' negligence claims or that interpretation of either act is necessary to resolve the claims. In their original Petition, Plaintiffs allege that Defendants failed to exercise ordinary care through a variety of acts and omissions. *See* Doc. 1-1, Pet., 13-14. First, under the negligence claim, Plaintiffs listed five alternative ways, besides the violation of the OSHA, that Defendants allegedly breached their duty of care. *Id.* Additionally, "[t]he Fifth Circuit has held that no private right of action exists under OSHA." *Brooks v. Alcon*, No. 4:20-CV-00306-P-BP, 2021 WL 1553969, at *3 (N.D. Tex. Apr. 5, 2021) (Ray, Mag. J.) (citing *Lyle v. Magnolia State Enter., Inc.*, 105 F.3d 654, 654 n.3 (5th Cir. 1996)) (other citations omitted), *report and recommendation adopted*, No. 4:20-CV-00306-P-BP, 2021 WL 1541549 (N.D. Tex. Apr. 20, 2021) (Pittman, J.). Second, Plaintiffs' point to alleged violations of both the Texas Labor Code and the FLSA as bases for establishing negligence per se. *See* Doc. 1-1, Pet., 14. Because of this alternative state law theory, Plaintiffs' negligence per se claim does not necessarily require the resolution of a federal issue. *See Busch v. Southw Est Wire Rope, Inc.*, No. CV

H-05-3734, 2005 WL 8177573, at *2 (S.D. Tex. Dec. 16, 2005) ("The federal water pollution statute is only one of three alternative statutes on which Plaintiffs base their negligence per se claim – Plaintiffs also base the negligence per se claim on two Texas state environmental statutes. There is no federal question jurisdiction where, as here, the federal statute appears only as an alternative basis for relief."). Additionally, Courts have consistently found that a negligence per se claim that merely references a federal statute to establish defendants' standard of care is, on its own, insufficient to raise federal-question jurisdiction. *See Rogers*, 2018 WL 11348093, at *3 & n.5 (collecting cases).

Lastly, assuming arguendo removal was proper, this Court would still have lost its jurisdiction over the case when Plaintiffs eliminated any mention of the FLSA and the OSHA from their Amended Complaint. *See* Doc. 4, Am. Compl., 13-14. A plaintiff is the "master of the complaint," and "gets to determine which substantive claims to bring against which defendants." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation omitted). In doing so, a plaintiff "can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.* "[W]hen the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power." *Id.* at 32-33.

## IV.

## CONCLUSION

For the reasons stated above, the Court does not have jurisdiction. Therefore, the Court **GRANTS** the Plaintiffs' Amended Motion to Remand (Doc. 11).

5

SO ORDERED.

SIGNED: December 3, 2025.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE